UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

PATRICIA CARSON,  )
           Plaintiff,  )
  )
v.  )    No. 13 CV 50123
  )    Magistrate Judge Iain D. Johnston
CAROLYN COLVIN, Acting  )
Commissioner of Social Security,  )
           Defendant.  )

**MEMORANDUM OPINION AND ORDER**

Patricia Carson brings this action under 42 U.S.C. § 405(g), seeking reversal or remand of the decision denying her social security disability benefits. For the reasons set forth below, the case is remanded.

**I. BACKGROUND**[1]

Ms. Carson was born on January 4, 1959 and was 53 years old on the date of the ALJ's decision. She was five-feet, three-inches tall, and weighed as much as 229 pounds. R. 488.

In March 2010, she went to the emergency room complaining of right leg pain. R. 337. Doctors diagnosed her with radiculopathy and prescribed Tylenol # 3 and Toradol. R. 338. In early May 2010, she returned to the emergency room with severe right leg pain. R. 331. She was unable to move the leg without causing pain and felt numbness, weakness, and swelling. R. 333. Doctors diagnosed her with sciatica and prescribed Motrin, Valium, and Vicodin. R. 332.

---

[1] The following facts are only an overview. A more complete summary is set forth in plaintiff's opening brief and the administrative record.

In May and June 2010, Ms. Carson saw a chiropractor. R. 305. An examination revealed pain and tenderness to palpation in the right lower back and right buttock; muscle spasm in the right erector spinae; and subluxation at C1-C2, C4-C6, T2-T5, T7, L1-L5, and S2-S3. R. 306. She was unable to perform lumbar range of motion tests because of the pain. R. 307. She had a positive straight leg test and Braggard's sign, indicating involvement of the sciatic nerve. In June 2010, based on an MRI, doctors diagnosed a prominent right paracentral disc protrusion with resultant severe spinal stenosis and marked narrowing of the right lateral recess. R. 303.

In July 2010, Ms. Carson saw her treating physician, Dr. Adekola Ashaye, who noted that Ms. Carson had lost sensation on the lateral aspect of the right foot as well as on the third, fourth, and fifth toes. R. 381. In September 2010, Ms. Carson was prescribed Norco and Neurontin for the pain. R. 380. In December 2010, Ms. Carson told Dr. Ashaye that her pain had not improved despite the medication and that she was unable to lie down and had to sleep in a chair. R. 400. In April 2011, Dr. Ashaye examined Ms. Carson and noted pitting edema in both legs. R. 426. Her medications were modified, but the bilateral swelling below the knees continued. R. 488.

In January 2012, an MRI revealed bilateral facet arthropathy causing narrowing of the inferior neural foramen at L3-L4, decreased signal compatible disc desiccation and bilateral facet arthropathy at L4-L5, and a right paracentral disc

protrusion extending into the neural foramen causing mass effect on the thecal sac and S1 nerve root at L5-S1.  R. 493.

On February 17, 2012, the administrative law judge (ALJ) issued her ruling finding that Ms. Carson was not disabled.  The ALJ found that Ms. Carson suffered from disc protrusion at L5-S1, obesity, and asthma.  R. 20.  At step three, the ALJ found that none of these impairments met or equaled a listed impairment (in particular listings 3.03 and 1.04).  R. 21. At step four, the ALJ concluded that Ms. Carson retained the residual functional capacity (RFC) to perform light work with certain limitations.   R. 21. Finally, the ALJ concluded that Ms. Carson retained the functional capacity to perform the jobs of office helper, mail clerk, and host. R. 26.

## II. LEGAL STANDARDS

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  If supported by substantial evidence, the Commissioner's factual findings are conclusive.  *Id.* Substantial evidence exists if there is enough evidence that would allow a reasonable mind to determine that the decision's conclusion is supportable. *Richardson v. Perales*, 402 U.S. 389, 399-401 (1971). Accordingly, the reviewing court cannot displace the decision by reconsidering facts or evidence, or by making independent credibility determinations.  *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).  However, the Seventh Circuit has emphasized that review is not merely a rubber stamp.  *Scott v. Barnhart*, 297 F.3d 589, 593 (7th Cir. 2002) (a "mere scintilla" is not substantial

evidence).  If the Commissioner's decision lacks evidentiary support or adequate discussion, then the court must remand the matter.  *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009).  Moreover, a reviewing court must conduct a critical review of the evidence before affirming the Commissioner's decision. *Eichstadt v. Astrue*, 534 F.3d 663, 665 (7th Cir. 2008). Indeed, even when adequate record evidence exists to support the Commissioner's decision, the decision will not be affirmed if the Commissioner does not build an accurate and logical bridge from the evidence to the conclusion.  *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008).

### III. DISCUSSION

Ms. Carson argues that a remand is appropriate on numerous grounds. Specifically, the ALJ failed to explain why Ms. Carson's spinal impairment did not meet or equal a listed impairment; failed to consider her obesity; failed to explain why greater weight was given to the opinions of two state agency physicians over Ms. Carson's treating physician; erred with regard to Ms. Carson's use of a cane; misapprehended the durational requirement; failed to identify which of Ms. Carson's statements were credible; failed to analyze Ms. Carson's allegations of pain; improperly evaluated her receipt of unemployment benefits; and improperly relied on meaningless boilerplate language.

After reviewing these arguments, the Court finds that a remand is clearly warranted because of a failure to properly apply the treating physician rule. The treating physician rule is based on 20 C.F.R. §404.1527(c)(2). Under this section, a treating physician's opinion is entitled to controlling weight if it is supported by

medical findings and consistent with other substantial evidence in the record. *Id.*; *Moore v. Colvin*, 743 F.3d 1118, 1127 (7th Cir. 2014).

If the ALJ does not give the treating physician's opinion controlling weight, the ALJ cannot simply disregard it without further analysis. *Campbell v. Astrue*, 627 F.3d 299, 308 (7th Cir. 2010). Instead, the ALJ must determine what specific weight, if any, the opinion should be given. *Moss v. Astrue,* 555 F.3d 556, 561 (7th Cir. 2009). To make this determination, the ALJ must apply the checklist of factors set forth in 20 C.F.R. § 404.1527(c)(2). *Campbell*, 627 F.3d at 308 (referring to the factors as a "required checklist"); *Bauer v. Astrue*, 532 F.3d 606, 608 (7th Cir. 2008).[2] Failure to apply checklist is reversible error. *Larson v. Astrue*, 615 F.3d 744, 751 (7th Cir. 2010) (ALJ disregarded checklist); *Moss*, 555 F.3d at 561 ("the choice to accept one physician's opinions but not the other's was made by the ALJ without any consideration of the factors outlined in the regulations"). Similarly, ALJs commit reversible error by simply stating that they considered the checklist without showing in their decisions that they did, in fact, consider them. *See Campbell*, 627 F.3d at 308 ("Here, the ALJ's decision indicates that she considered opinion evidence in accordance with [the checklist]. However, the decision does not explicitly address the checklist of factors as applied to the medical opinion evidence."). In other words, ALJs must show their work.

---

[2] The factors are: (1) the length of treatment; (2) the nature and extent of the treatment relationship; (3) the supportability of the medical opinion; (4) the consistency of the opinion with the record as a whole; (5) the physician's degree of specialization; and (6) other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c)(2)(i)-(ii), (c)(3)-(6).

Here, the ALJ twice relied on the opinions of the two state consulting physicians, neither of whom treated or examined Ms. Carson. At step three, where the ALJ concluded that Ms. Carson's spinal impairment did not meet or equal Listing 1.04, the ALJ stated that the opinions of the two agency consultants "have been considered" and that those consultants reached the "same conclusion" as did the ALJ. The ALJ did not consider, at this step, the opinion of Ms. Carson's treating physician, Dr. Ashaye, nor did the ALJ consider any other medical evidence. At step four, the ALJ again relied on the two agency consultants. However, the ALJ did acknowledge Dr. Ashaye's opinion, but found that it should only be given "some weight" – *i.e.* implicitly finding that it should not be given controlling weight. The ALJ's entire explanation is set forth in the following paragraph:

> All medical opinions present in the record were considered in accordance with the regulations (20 CFR 404.1527(d-e), 416.927(d-e)) and SSR 96-2p. First, the record contained a few hand written notes from Dr. Ashaye. On October 27, 2010, Dr. Ashaye stated that the claimant needed help at home at the present time because of medical limitations from her lumbar radiculitis (Ex. 12F/10). On December 2, 2010, Dr. Ashaye wrote a note stating that the claimant had severe lumbar radiculitis with degenerative joint disease of the lumbosacral spine (Ex. 11F). Dr. Ashaye stated that the claimant's condition was getting worse with severe excruciating pain in both legs and buttocks to the extent that the claimant was sleeping on a chair. Dr. Ashaye stated that the claimant's pain medications had been increased without any beneficial effect. Dr. Ashaye stated that the claimant was unable to do house chores and cannot stand for long. These notations [from] Dr. Ashaye were considered and given some weight; however, the treating relationship is not sufficient to overcome the weight of the evidence, the generally unremarkable clinical findings, and the lack of explanation provided. Regardless, Dr. Ashaye did not provide any specific information regarding the claimant's ability to perform work related activities. Instead, I agree with the Disability Determination Services opinion. I found the limitations imposed by the Disability Determination Services to be persuasive and consistent with the

medical evidence, and based the limitations in the claimant's residual functional capacity on their reports.

R. 24-25.

This paragraph fails in several respects to comply with the treating physician rule as discussed above. First, the ALJ did not explain why Dr. Ashaye's opinion was not given controlling weight. It is undisputed that he was a treating physician. Specifically, the ALJ did not analyze (i) whether Dr. Ashaye's the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" or (ii) whether it consistent with the "other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2). This by itself is reversible error. *Clifford v. Apfel*, 227 F.3d 863, 870-71 (7th Cir. 2000) (reversing and remanding because the ALJ failed to determine whether the treating physician's findings were entitled to controlling weight).

Second, the ALJ did not specifically explain what weight she gave to Dr. Ashaye's opinion, stating only that it deserved "some" weight, nor did she apply the checklist. There is no dispute that the ALJ did not *explicitly* apply any of the checklist factors, as they are not mentioned by name or analyzed individually. No finding was made, for example, about the length of the treating relationship or the number of times Dr. Ashaye saw Ms. Carson. No analysis was made as to how Dr. Ashaye's opinion fits in with the record as a whole.

The government asserts that it is "readily apparent that the ALJ was aware of and considered" these factors. Dkt. 28 at p.6. This Court disagrees. Although the ALJ should have known of these factors, as is evidenced by a citation to

Section 404.1527, nothing in the above paragraph (or the rest of the ALJ's opinion) suggests that the ALJ was somehow implicitly applying these factors. The ALJ provided almost no analysis in the above paragraph and instead only asserted, in conclusory fashion, that the treating relationship was not sufficient to overcome the "weight of the evidence, the generally unremarkable clinical findings, and the lack of explanation." How did the ALJ come to this conclusion? The first half of the paragraph refers to evidence from Dr. Ashaye. Among other things, he noted that plaintiff had severe lumbar radiculitis with degenerative joint disease, that her condition was getting worse with severe excruciating pain in both legs, and that pain medications, which had been increased, were not working. In light of this evidence, it is not clear why the ALJ concluded that the clinical findings were "unremarkable." Further, this Court cannot assess the vague qualification that the findings were "generally" unremarkable. In sum, the ALJ fails to make any connection between the first half of the paragraph, which summarizes some of the medical evidence, and the second, which announces a conclusion. The ALJ thus failed to build a "logical bridge" to enable this Court to trace the path of her reasoning. *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013). A reviewing court simply accept an ALJ's assertion that it knew the law and correctly applied it.

Because this case will be remanded, and because the issue of the weight to be given the treating physician's opinion is fundamental to the overall analysis, the Court will not address the remaining arguments offered by Ms. Carson. On

remand, however, the ALJ should fully explore all the limitations imposed by the combination of conditions from which Ms. Carson suffers.

## IV. CONCLUSION

For the reasons given, plaintiff's motion for summary judgment is granted, the government's motion is denied, and the case is remanded to the Commissioner for further proceedings consistent with this opinion.

Date: November 21, 2014        By: _____
                                   Iain D. Johnston
                                   United States Magistrate Judge